IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLEN JEROME SUPPLES,            )
                                  )
          Plaintiff,              )
                                  )
     v.                           )
                                  )  Civil Action No. 09-1141
CHARLES ADAMO, *et al.*,          )  Magistrate Judge Bissoon
                                  )
                                  )
          Defendants.             )

**OPINION AND ORDER**

Allen Jerome Supples is a state prisoner currently incarcerated in the State Correctional Institution at Mahanoy, located in Frackville, Pennsylvania. Supples alleges that he was sprayed with capsicum/capsaisin spray by guards at the Lawrence County Prison on February 8, 2008, and forced to remain in a restraint chair for hours still covered with the spray. Plaintiff alleges that Defendant Brian Luffey (identified in the Complaint as "Mr. Nurse Brian") was called at 9 p.m. when Plaintiff was released from the restraint chair, but refused to examine Plaintiff, who was then permitted to take a shower and change his clothes. Defendant Chuck Luffey (identified in the Complaint as "Mr. Head Nurse") is alleged to have altered Plaintiff's dosage of Levothroid the following morning without Plaintiff's consent.

Defendants Brian and Chuck Luffey move to dismiss the claims against them (Doc. 14). Plaintiff has responded to the motion (Doc. 29). The parties have consented to the undersigned exercising jurisdiction in this case (Docs. 26, 27 and 28).

**A. Applicable Standards**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true,

1

no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

### B. Analysis

Generally, prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1978). In the context of a claim regarding medical treatment, an inmate must show two elements to demonstrate a violation of his Eighth Amendment rights: 1) that he was suffering from a "serious" medical need; and 2) that the prison officials were "deliberately indifferent" to the serious medical need. Id. Notably, even where there is a serious medical condition, a prisoner also must allege facts that would permit a jury to conclude that the defendant prison officials acted with a sufficiently culpable state of mind. Twombly, 127 S. Ct. at 1965 ("[f]actual allegations must be enough to raise a right above the speculative level"). Generally speaking, an **intentional** refusal to provide **any** medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable. Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992). However, where medical treatment is offered, the mere allegation of an opinion difference between a patient and a doctor, or between two medical professionals, does not amount to "deliberate indifference to a serious medical need." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ("there may . . . be several acceptable ways to treat an illness."); Young, 960 F.2d at 358 n.18 (superceded by statute

2

on other grounds) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief under section 1983).

Plaintiff has not alleged what medical treatment he believes Defendant Brian Luffey should have provided him after he was released from the restraint chair. Indeed, removal of the offending spray through a shower and provision of clean clothing seems a perfectly appropriate response. And, more importantly, Plaintiff does not allege that he continued to suffer any serious need after his shower and change of clothes. Rather, Plaintiff seems to be upset that he was not examined prior to being given a shower. "The Eighth Amendment does not guarantee a prisoner's choice of a physician, a mode of treatment or a place of treatment, nor does or could it guarantee a particular outcome." Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D.Ind. 1994) (internal citations omitted); Gamble, 429 U.S. at 107 (failure of medical defendants to order x-ray for complaints of back pain does not state a claim for deliberate indifference where other treatment was provided). Plaintiff does not state a facially plausible claim because he has not made any allegations that would permit a finding that his medical condition required anything more than he received, i.e., a shower and clean clothing.

Plaintiff's claim against Defendant Chuck Luffey fails for a similar reason. Plaintiff alleges that he was provided with a smaller dosage of a prescription medication he was taking, and that this was done without his permission and without any contact with the prescribing physician. Absent from Plaintiff's Complaint, however, is any allegation that would permit a fact finder to infer that this reduction in dosage caused Plaintiff any identifiable harm, or that it placed him in danger of any harm. Plaintiff has simply alleged a difference in medical opinion concerning the proper amount of medication. This is not sufficient to state a claim for deliberate indifference. White, supra; Young; supra.

AND NOW, this 28th day of May, 2010,

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants Mr. Nurse Brian and Mr. Head Nurse (Doc. 14) is GRANTED. Plaintiff's claims against these Defendants are DISMISSED WITHOUT PREJUDICE.

        s/Cathy Bissoon
        Cathy Bissoon
        United States Magistrate Judge

cc:
**ALLEN JEROME SUPPLES**
DZ5713
SCI Mahanoy
301 Morea Road
Frackville, PA 17932