**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ALLEN JEROME SUPPLES,       )
                              )
          Plaintiff,        )
                              )     Civil Action No. 09-1141
         v.              )     Judge Cathy Bissoon
                              )
LARRY McCONAHY, MS. RHODES,      )
MR. FANNO, MR. RUSSO,           )
and MR. STRUTHERS            )
                              )
          Defendants.     )

## <u>MEMORANDUM ORDER</u>

Allen Jerome Supples ("Plaintiff") is a state prisoner currently incarcerated in the State

Correctional Institution at Mahanoy, located in Frackville, Pennsylvania.  Plaintiff brings this

suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq*.  Plaintiff claims

violations of his rights under the Eighth Amendment, based on his exposure to oleoresin

capsicum spray ("OC spray") by guards at the Lawrence County Correctional Facility ("LCCF")

on February 8, 2008, and subsequent forced placement in a restraint chair for roughly four and

one-half hours while still covered in the spray.  A jury trial before the undersigned is scheduled

to commence on May 29, 2012.  (Doc. 64).

Before this Court are several motions *in limine* filed by the parties.  They will be

addressed *seriatim*.

**A.**      **<u>Defendants' Motion to Preclude Evidence of Policies</u>**

Defendants seek an order precluding Plaintiff from admitting evidence at trial regarding

(1) LCCF's policy on the use of OC spray at the time of the incident giving rise to this lawsuit;

and (2) the current policy of LCCF's medical services provider regarding the monitoring of inmates who are confined to restraint chairs.  (Doc.  72 ¶ 4).  Defendants argue that these policies are irrelevant to the claims made by Plaintiff, and would only confuse and mislead the jury.  Id. ¶ 4.  With respect to the policy regarding the restraint chair, Defendants further argue that it relates only to the medical services provider, and not to corrections officers, and that the policy at issue is not the one that was in place at the time of the incident.

In his response, Plaintiff argues that LCCF's policy on the use of force was known to all Defendants at the time of the incident, and that their alleged deviation from it demonstrates the state of mind necessary for liability to attach under the Eighth Amendment for their alleged acts and omissions.  (Doc 86 ¶ 6).  Plaintiff makes the same argument with respect to the medical provider's policy regarding the restraint chair.  Id ¶¶ 9-11.  Furthermore, to the extent that the policy at issue is not the one that was in place at the time of the incident, Plaintiff asserts that Defendants have not indicated what efforts they have undertaken to locate the earlier policy, and thus, Plaintiff should not be penalized.  Id. ¶¶ 14-15.

Force is deemed legitimate in a custodial setting so long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).  It is clear that, to the extent that it can be established that it was known to them at the time of the use of force, this policy is relevant to establishing whether Defendants McConahy and Rhodes acted in a manner that was malicious and sadistic.  See Fed. R. Evid. 401.  Additionally, this Court finds no indication that such evidence, presented at trial with the proper foundation, would be unfairly prejudicial, or would serve to confuse the jury.  See Fed. R. Evid. 403.  Accordingly, this portion of Plaintiff's motion will be denied.

2

With respect to policy concerning Plaintiff's confinement to a restraint chair following his exposure to OC spray, this Court previously held that this claim properly is characterized as one arising from his conditions of confinement.  (Doc. 51 at 12).  To violate the Eighth Amendment's prohibition of cruel and unusual punishment, conditions cited by an inmate must be "objectively, sufficiently serious [and] must result in the denial of the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal citation and quotation omitted).  Additionally, Plaintiff must demonstrate deliberate indifference on the part of the relevant Defendants in order to succeed in his conditions of confinement claim.  This standard has been defined as requiring that a defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

As with the policy on the use of OC, a policy on the use of restraint chairs could be relevant to establishing whether a Defendant had the necessary *mens rea* for liability to attach under the Eighth Amendment.  However, in order for that to be the case, it would be necessary for Plaintiff to establish that it was the same as the policy that was in place at the time of the incident, and that at least one Defendant actually knew the policy.  Without knowing whether Plaintiff can establish these facts at trial, it is impossible to make an adequate ruling on this part of Defendants' motion.  Accordingly, the undersigned will defer on this portion of the instant motion until trial.

**B.**     **Defendants' Motion to Exclude Evidence Relating to the Alleged Failure of Non–Parties to Conduct a Disciplinary Hearing**

Defendants next move to preclude the admission of evidence that the Warden and Deputy Warden of LCCF – neither of whom currently are parties to this case – did not conduct a disciplinary hearing with respect to the incident of February 8, 2008.  (Doc. 74 ¶ 2).  Plaintiff responds that such evidence demonstrates complicity on the part of these individuals with Defendants' alleged bad acts.  (Doc. 87-2).

The Warden and Deputy Warden of LCCF no longer are parties to this action.[1] Additionally, any failure on their part to investigate the incident of February 8, 2012, after the fact does not make Plaintiff's claims against remaining Defendants more or less probable, and thus is irrelevant.  See Fed. R. Evid. 401.  Accordingly, this motion will be granted.

**C.**     **Defendants' Motion to Exclude 2007 Grievance**

In this motion, Defendants seek to exclude evidence of a grievance filed by Plaintiff in 2007, accusing Defendant Rhodes of using racial epithets and abusing inmates.  (Doc. 77 ¶¶ 3-4).  They argue that such evidence would be impermissible under Rule 403 and 404.  Id. ¶¶ 6-12.  Plaintiff responds that he is prepared to present persuasive evidence that Defendant Rhodes was

---

[1] As this Court held in its order on Defendants' motion for summary judgment, plaintiff's brief confinement without a disciplinary hearing, prior to being transferred out of LCCF, does not rise to a constitutional injury.  (Doc. 51 at 8) (citing Griffin v. Vaughn, 112 F.3d 703, 706-07 (3d Cir. 1997)).  Additionally, Plaintiff has no constitutional right to an investigation of any claims made in his administrative grievances.  See, e.g., Pressley v. Beard, 255 F. App'x 216, 218 (3d Cir. 2008) (affirming the dismissal of supervisory officials who merely failed to take corrective actions when grievances or investigations were referred to them); cf. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding that a state's inmate grievance procedure did not give rise to a liberty interest protected by the Due Process Clause).

aware of the 2007 grievance, and that it establishes motive for her alleged bad acts on February 8, 2008.  (Doc. 84 ¶¶ 3-4).

Rule 404 of the Federal Rules of Evidence prohibits the use of evidence of prior wrongs "to prove a person's character in order to show that on a particular occasion the person acted with the character."  Fed. R. Evid. 404(b).  However, such evidence may be used for other purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, [*et cetera*.]"  Id.  The courts of the Third Circuit apply a four-part test to determine whether prior bad acts are admissible under Rule 404(b).  This test requires: "(1) a proper evidentiary purpose; (2) relevance under [Federal Rule of Evidence] 402; (3) a weighing of the probative value of the evidence against its prejudicial effect under [Rule] 403; and (4) a limiting instruction concerning the purpose for which the evidence may be used."  United States v. Mastrangelo, 172 F.3d 288, 295 (3d Cir. 1999).  Additionally, "'when evidence of prior bad acts is offered, the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that the [party] has the propensity to commit the [act] charged.'"  United States v. Lindsay, 339 F. App'x 468, 272 (3d Cir. 2009) (quoting United States v. Himelwright, 42 F.3d 777, 782 (3d Cir. 1994)).

Here, it is clear that evidence of Defendant Rhodes's motive to engage in her allegedly poor treatment of Plaintiff would be relevant and probative.  Additionally, while the evidence of a prior history between Plaintiff and Defendant Rhodes contained in the grievance might be prejudicial, such prejudice does not appear to be of the unfair nature contemplated in Rule 403.  Furthermore, any unfair prejudice stemming from the grievance could easily be cured by a well-crafted limiting instruction.

However this analysis would change if Plaintiff were unable to establish that Defendant Rhodes was aware of the grievance's existence as of February 8, 2008.  If he cannot do this, the evidence's relevance and probative value with respect to Defendant Rhodes's alleged motive evaporates, and the grievance becomes useful only for the improper purpose of demonstrating this Defendant's alleged propensity to engage in bad acts.  Accordingly, this Court will defer ruling on this motion until trial, and will admit this evidence if and only if Plaintiff can lay the proper foundation establishing that Defendant Rhodes was aware of the grievance at the time of the incident at issue in this case.

**D.      Plaintiff's Motion to Exclude Reference to Plaintiff's Past Criminal Convictions Prior to 2007**

Plaintiff moves this Court to preclude reference to all of his criminal convictions predating the 2007 conviction which caused him to be incarcerated in LCCF.  (Doc. 84 at 1).  This includes a litany of convictions for property and violent offenses stretching back to 1999.[2] Id. ¶ 6.  None of the convictions listed by Plaintiff appear to be *crimen falsi*.  See Walker v. Horn, 385 F.3d 321, 333-34 (3d Cir. 2004) (property crimes generally are not *crimen falsi* unless they involve some element of communicative or expressive dishonesty); see also United States v. McIntosh, No. 4:CR 03 0298, 2006 WL 293224, at *1 (M.D. Pa. Feb. 7, 2006) (noting that various violent crimes under Pennsylvania law were not *crimen falsi*).  Defendants, in their response to this motion, appear not to contest this interpretation of Plaintiff's numerous convictions.  See, generally, (Doc. 88).  They rely instead on Rule 609(a)(1) as the basis for their

---

[2] Plaintiff admits that this is not the sum of his criminal history.  (Doc. 84 at 3 n.1).  Indeed, a search of Pennsylvania state court records based on Plaintiff's name and date of birth reveals that this history is extensive, going back as far as 1981.  See Common Pleas Docket Sheet, http://ujsportal.pacourts.us/DocketSheets/CP.aspx (last viewed May 3, 2012).

admissibility as impeachment evidence.  This Rule, unlike the one dealing with *crimen falsi*, requires that the Court engage in a Rule 403 analysis of Plaintiff's convictions prior to ruling on whether they should be excluded.  Fed. R. Evid. 609(a)(1).

At the outset, it appears that the probative value of these convictions is low.  While Defendants argue that they are probative of Plaintiff's character for truthfulness, see (Doc. 88 ¶¶ 7-8), there is no indication from any party that Plaintiff's capacity to tell the truth is implicated by these crimes.  Whatever probative value does exist is vastly outweighed by the potential for unfair prejudice.  Simply put, there is a significant possibility that the jury, upon learning of Plaintiff's many, many convictions for property and violent crimes, will conclude that whatever suffering he endured at the hands of Defendants was just-desserts for his prior bad acts.  Moreover, it is unlikely that a limiting instruction would alleviate this potential for unfair prejudice adequately.

This analysis would change somewhat, should Plaintiff somehow make his convictions an issue during his case-in-chief.  In such a situation, the probative value of such evidence, as it relates to Plaintiff's character for truthfulness, would increase dramatically.  Additionally, whatever prejudice Plaintiff would suffer hardly could be characterized as unfair, as he, himself would have put the issue before the jury.[3]

Accordingly, Plaintiff's motion to exclude reference to his convictions which occurred prior to 2007 will be granted, without prejudice to Defendants raising the issue with the Court at

---

[3] Out of an abundance of caution, Defendants are forewarned that Plaintiff will be considered to have exposed himself to this line of questioning only if he affirmatively raises the issue during his case-in-chief.  Responses to questions by defense counsel designed to place Plaintiff in an untenable position (such as "are you an honest person?") are insufficient to open the door.

trial, should Plaintiff somehow affirmatively make these convictions an issue during his case-in-chief.

AND NOW, this 7th day of May, 2012,

IT IS HEREBY ORDERED that Defendants' Motion *in Limine* to Preclude Evidence of Policies (Doc. 72) is DENIED, in part, and DEFERRED until trial, in part.

IT IS FURTHER ORDERED that Defendants' Motion *in Limine* to Exclude Evidence Relating to the Alleged Failure of Non-Parties to Conduct a Disciplinary Hearing (Doc. 74) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion *in Limine* to Exclude 2007 Grievance (Doc. 77) is DEFERRED until trial.

IT IS FURTHER ORDERED that Plaintiff's Motion *in Limine* to Exclude Reference to Plaintiff's Past Criminal Convictions Prior to 2007 (Doc. 84) is GRANTED, without prejudice to Defendants raising the issue with the Court at trial, should the circumstances warrant doing so.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via CM/ECF):
All counsel of record